tion should be adopted as will best carry into effect and sustain the law.

"Whenever an act of the legislature can be so construed and applied as to avoid a conflict with the constitution, and give it the force of law, such construction should be adopted by the court." Peel Splint Coal Co. v. State, 15 S. E. Rep. (W. Va.) 1000; Owen v. Sioux City, 59 N. W. Rep. 5.

We are of the opinion, that, whether these three cities were, or were not, excluded from the operation of the act is not material; the acts are not special or local legislation, within the meaning of the act of congress of July 30, 1886. It follows from this conclusion that the court below committed no error in awarding the peremptory writ of mandamus upon the hearing, and the command of the writ having been obeyed, and the bonds involved issued, the judgment of the court below should not be disturbed.

CHAPTERS 6, 33, laws 1897: validity: mandamus.

The judgment of the court below is affirmed, with costs.

Mills, C. J., Parker and Crumpacker, JJ., concur; Leland, J. not sitting.

---

[No. 795.     August 28, 1899.]

## TERRITORY OF NEW MEXICO, Appellee, v. W. R. CHRISTMAN, Appellant.

### SYLLABUS BY THE COURT.

CRIMINAL LAW—APPEAL—UNCERTIFIED TRANSCRIPT—CERTIFICATION BY DEPUTY CLERK—SUFFICIENCY—ERROR—MOTION FOR NEW TRIAL—BILL OF EXCEPTIONS—STATUTORY DESCRIPTION—SUFFICIENCY.—1. In a criminal case, that part of a purported transcript of record not certified in accordance with rule V, section 2, of this court, by the clerk of the district court in which the appeal is allowed, will on motion be stricken from the record.

2. In such a case, the certification of the record in the name of the clerk of the district court, signed in the name of the clerk by the deputy, is a sufficient certification of the record.

3. Alleged errors relating to proceedings during the trial of a criminal case and to the overruling of. a motion for a continuance can not be reviewed, unless called to the attention of the trial court by motion, for a new trial, exceptions saved to the overruling of such motion and the motion made matter of record by bill of exceptions.

4. The use of the statutory description "one neat cattle" in an indictment, is a sufficient description as commonly applied in the United States and this Territory to describe a beast of the bovine genus.

*Appeal*, from a judgment of the Fifth Judicial District Court, Eddy County, convicting defendant of larceny and sentencing him to three years imprisonment in the penitentiary.  Affirmed.

The facts are stated in the opinion of the court.

A. A. FREEMAN and J. O. CAMERON for appellant.

The affidavit in support of the motion for a continuance is clearly within the requirements of the law.   Comp. Laws 1897, sec. 2986.   See, also, McAdams v. State, 5 S. W. Rep. 826; Rider v. State, Id. 829; Williams v. State, 6 Neb. 34; Hayne v. State, 14 Id. 303; Grandy v. State, 43 N. W. Rep. (Neb.) 747; Baker v. Comm., 10 S. W. Rep. 336; Maines v. State, 9 Id. 51; State v. Adams, 3 So. Rep. 30; State v. Boitreaux, 31 La. Ann. 188; State v. Anderson, 9 S. W. Rep. (Mo.) 636; Curtis v. State, 40 Id. 266.

"When the evidence adduced on the trial made it apparent that the absent testimony was not only probably true, but very material to the interests of the defendant, it should have availed on the motion for new trial, and the same should have been granted.   Price v. State, 2 Soth. Rep. 623; Frazier v. State, 2 S. W. Rep. 637; Tucker v. State, Id. 893.

The description of the property in the indictment must be stated with reasonable certainty.   The term "one neat cattle" is too indefinite.   10 Am. and Eng. Ency. of Law, 596; 2 Bish., Crim. Pr. 702; Keller v. State, 51 Ind. 111; McLaughlin v. State, 45 Id. 338; State v. Watson, 13 Ia. 489;

Jane v. Comm., 3 Met. (Ky.) 18; Comm. v. Dean, 109 Mass. 349; State v. Rochtorde, 52 Mo. 99; State v. Garey, 26 N. H. 339; State v. Dougherty, 4 Ore. 200; Galliger v. State, 26 Wis. 423; Rex v. Stevens, 3 East 132.

EDWARD L BARTLETT, solicitor-general, for the territory.

There is no beginning or heading of what the transcript in this case purports to be, and no certificate, by the clerk of the court, as to its correctness, as required by law and the rules of this court. Comp. Laws 1897, sec. 3140; Sup. Ct. rule 5, sec. 2. This certificate purports to be made by the deputy, and there is no provision of law for any such officer, and is not in compliance with the rule.

After this attempted certificate, appears a paper indorsed "Bill of Exceptions," certified to by one Orrin Rice as being "a true transcript" of his short-hand notes, and after that the judge signs and settles the same as a bill of exceptions. There is no date to this signature, no notice to any one appears anywhere of the time for presenting the bill of exceptions as provided by law. Comp. Laws 1897; Lumber Co. v. Pennington, 2 Dak. 470; Williams v. People, 53 Pac. Rep. 590 3 Ency. Pl. and Pr. 432, and notes; Snead v. Tietgen, 325.

If the court holds that any portion of the record proper is here, it can only consider that portion of the transcript, and not the bill of exceptions, for the reasons stated above. Railroad Co. v. Saxton, 3 N. M. 446; Evans v. Baggs, 4 Id. 69.

Nowhere in the alleged bill of exceptions does there appear the instructions of the court, the motion for a continuance complained of by appellant, nor any motion for a new trial, and there is nothing for this court to pass upon. Chavez v. Territory, 50 Pac. Rep. 324; Padilla v. Territory, 45 Id. 1120; Territory v. Barrett, 42 Id. 66.

This is a statutory offense, and the description in the indictment complies with the statute which is all that is required. Bish., Stat. Crim. 426; State v. Murphy, 39 Tex. 46.

CRUMPACKER, J.—Appellant was on October 15, 1899, the fifth day of the October term of the district court for Eddy county, indicted for the larceny of one neat cattle. Within three days thereafter the defendant moved for a continuance of the cause on the ground of the absence of a material witness, and on October 18, the court overruled the motion. A motion to quash the indictment having also been overruled on the same day, the issue was submitted to a jury, and on the following day, October 19, a verdict of guilty was returned; and no motion for new trial and in arrest of judgment having been interposed and overruled on October 23, defendant was sentenced to three years imprisonment in the penitentiary, from which sentence he prayed and was granted an appeal to this court.

Appellant's briefs present but two questions; first, the insufficiency of the description of the property set out in the indictment; and, second, the action of the trial court in overruling the motion for a continuance.

The territory presents for our consideration, however, the preliminary questions of the sufficiency of the transcript of record to properly bring the cause into this court for review. The paper filed in this court as the "transcript of record," comprises, first, twenty-seven pages of typewritten matter under manuscript cover, indorsed "transcript of record," containing besides the indictment, plea, verdict and judgment or what at ancient common law was the judgment-roll or record proper, various motions for continuance, to quash, for new trial and in arrest of judgment, the instructions given and orders of court, and concluding with a certificate of the clerk that the "foregoing is a full, true, correct and complete transcript of all of the record and files of papers in a cause lately pending, except the subpoenas," signed by a deputy clerk in the name of his principal by himself as deputy; and, second, immediately following the part so indorsed "transcript of record" additional pages from one to one hundred and fifteen, of typewritten matter indorsed "bill of exceptions—Testimony" comprising

*CRIMINAL law: appeal: uncertified transcript*

the entire proceedings had at the trial of the cause, which latter is certified by the stenographer as a true and correct transcript of his shorthand notes of the testimony and concludes with the following recital, "for as much therefore that the above and foregoing matters are not contained in the record, it is therefore ordered and adjudged that the said matters and each of them be and are hereby signed, sealed and made a part of the record herein, which is accordingly done. H. B. Hamilton, Judge." The solicitor-general insists that the paper marked "Bill of Exceptions—Testimony," not having been certified by the clerk in accordance with the rules of court or at all, may not be considered here as a part of the transcript of record. Rule V, section 2 of this court provides that "the clerk of the court in which an appeal shall be allowed * * * shall make return of the same by transmitting a true copy of the record and of all proceedings in the cause under his hand and the seal of the court." The paper objected to not having been certified in accordance with the rule, it will not be considered as a part of the record and is stricken from the record before us for review. What remains of the purported transcript, being the first twenty-seven pages with contents as hereinbefore set out, is further objected to because it is certified by a deputy clerk. But the certification being made in the name of the clerk and the deputy having signed it in the name of his principal and the

CERTIFICATION by deputy clerk: sufficiency.

certificate being in all other particulars as required by law, the writing following the signing in the name of the clerk of "by —————

deputy" will be treated as surplusage. Sections 1011, 1012, 1013 and 1014, Compiled Laws, New Mexico 1897, provide for the appointment of deputy clerks by the clerks of the district court and authorize such deputies to perform the duties of the office in the name of the principal. But even should it be true that these sections are not within the purview of the organic act of the territory (which we need not here decide) still we should hold that under the common law, public officers, such as clerks of the district courts, whose duties are

ministerial, had general legal power to depute their powers. This remaining part of the transcript therefore being duly certified, it is further insisted by the territory that there being no bill of exceptions regularly signed, sealed and settled by the court as such, that the motions, affidavits and instructions set out together with the exceptions entered on the journal of the court, embodied in that part of the transcript of record which is duly certified, may not be considered as properly part of the record. In support of this contention is cited the case of Chaves y Chaves v. Territory, 50 Pac. Rep. 324 (decided by this court October 2, 1897), a murder case, in which defendant was under sentence of death, and where this court held that "it can not pass upon these alleged errors as there is no motion for a new trial in the bill of exceptions. It is a fundamental rule that such errors must be brought to the attention of the court below by a motion for a new trial, and exception must be saved to the overruling of that motion and the motion must be made a matter of record by bill of exceptions. These cases are controlling and here followed. The motions for continuance, new trial, affidavits, etc., and the rulings of the court thereon here complained of, not having been called to the attention of the trial court by motion for new trial, duly excepted to and made matters of record by bill of exceptions properly incorporated in the record, may not here be considered.

*ERROR: motion for new trial: bill of exceptions.*

The sole question, therefore, raised by the record is upon the objection to the indictment upon the ground of insufficient description of the property alleged to have been stolen. The descriptive term used in the indictment "one neat cattle" is the same as that used in the statute (section 79, C. L. 1897) and is a sufficient term as commonly applied in the United States to describe a beast of the bovine genus. State v. Crow, 17 S. W. Rep. 745; Castello v. State, 36 Tex. 324; Habatter v. State, 32 Tex. 43. The indictment, complying with such

*STATUTORY description: sufficiency.*

statutory description it is sufficient, and the demurrer thereto was properly overruled.

There being no error in the record proper, the judgment below is affirmed.

Mills, C. J., Parker and McFie, JJ., concur; Leland, J., absent.

### SYLLABUS BY THE COURT.